The opinion of the court was delivered by
White, J.
The defendant having been indicted for murder, con *303 victed of manslaughter, and sentenced to imprisonment at hard labor for twenty years, appeals.
During the trial seven bills of exception were reserved to rulings of the lower court. The opinion we have formed of one of them will render it unnecessary to notice the others.
The prisoner’s counsel requested the court to charge the jury : “If you find that the deceased had previously threatened the accused with his life, or of doing him some great bodily harm, and that subsequently they met without design, and from the motions, actions, and hostile demonstrations of the deceased, he was induced to believe, and had reasonable ground to believe, that the deceased was about to carry his threats into execution, the accused had a right to defend himself even by killing his assailant if necessary to protect himself, and you should acquit, although it should afterward appear that there was no such design on the part of the assailant.” The court refused to give the charge in full as requested, on the ground that such was not the law of self-defense, but instructed the jury that it was their province as reasonable men to decide, in view of. the testimony, whether in their opinion the accused had reasonable ground to consider himself in danger of losing his life, or of suffering great bodily harm.
We think there was error in the refusal to give the charge, and in the statement that such was not the law of self-defense. We can see nothing objectionable in the charge as requested, and think, instead of not being the law of self-defense, that it is a fair and carefully worded statement of that law as expressed by this court, as stated by commentators, and applied in other States. State vs. Chandler, 5 A. 489 ; State vs. Mullen, 14 A. 577.
It is contended that the requested charge was illegal, inasmuch as it covered threats whether communicated or not, but its language by no fair rule of construction can be considered as so meaning. Its context obviously contemplates only threats known to the accused at the time of the homicide. If you find that the deceased had previously made threats, and at the time of the homicide the accused had reasonable ground to believe at that moment that the deceased was about to carry his threats into execution, is the statement made. It negatives the claim that uncommunicated threats were intended, because it refers only to threats which the accused believed the deceased to be about to execute at that moment, importing of necessity a knowledge on the part of the accused of the threats which he believed at that moment the deceased was about to execute. These inevitable conclusions, the plain result of the context of the charge, are made more manifest if it were required or possible to do so by bearing in mind the rule that uncommunicated threats, under the laws of evidence, as applied in this State, *304 are inadmissible. We can not therefore presume in the face of the unequivocal language of the asked-for charge that the threats mentioned were such threats as could not have been before the jury.
It is urged that the charge asked was erroneous, as it made the reasonableness of the apprehension a question not for the jury but depending solely on the condition 'of the mind of the accused at the time of the homicide. We are at a loss to understand upon what this position is based. The charge in this particular was, that “if from the hostile demonstrations the accused was induced to believe and had reasonable ground to believe.” If the request had simply covered what the accused was induced to believe or what he thought was reasonable ground, it would be amenable to the objection urged, but qualifying as it did the words was induced to believe by “ and had reasonable ground to believe,” it manifestly left the question of reasonable ground to be passed on by the jury as a question of fact. It is said that the charge does not clearly convey the fact that the danger must be imminent to justify homicide, but such is not the case ; it explicitly expresses the necessity of the danger being present, and likewise makes the commission of a homicide depend for its justification on its having been necessary for self-protection. It is insisted however that even if the charge was in all respects legal, no harm resulted from the refusal of the cortrt to give it, because the charge which was given by the court was substantially what was requested. While we adhere to the rule as stated in State vs. Carr, 25 An. 407, that the court need not charge in the very words asked, providing a full and fair charge, substantially covering every thing requested, be given, we likewise also adhere to State vs. Chandler, 5 An. 489, where we said it was error on the part of the court to qualify a perfectly legal request to charge as illegal. In fact, the wisdom of the rule is well illustrated by the.case now before us. While the charge given by the court was substantially that asked by the prisoner, yet it was not so amplified. The statement of the court that it was not the law of self-defense must have produced its effect on the minds of the jurors, unless they considered that the court denied the legal correctness of a requested charge, and at once gave the incorrect charge as a correct one. They must naturally therefore have considered that the terseness of the charge of the court excluded some matter stated .in the more detailed charge asked and refused as not sound in law, 'thereby seriously impairing the defendant’s rights.
The verdict and sentence are set aside and reversed, and the case remanded to be proceeded with according to law.